UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WALDREN CHUBBUCK             :
                                   :
                                   :
V.                            :      CIV. NO. 3:10CV1689(WWE)
                                   :
MICHAEL J. ASTRUE           :
COMMISSIONER SOCIAL SECURITY :
ADMINISTRATION            :

RULING: MOTION FOR LEAVE TO SUPPLEMENT RECORD [DOC. # 23]

The plaintiff, Waldren Chubbuck, filed this action seeking reversal of the Commissioner's decision denying his claim for disability and supplemental security income benefits under the Social Security Act. **[doc. # 22]**. The defendant, Commissioner of Social Security, moves to affirm the final decision of the Commissioner. **[doc. # 27]**. In addition, plaintiff moves for leave to file a supplement to the record to add a "Rating Decision", dated October 14, 2010, issued by the Appeals Management Center of the Department of Veterans Affairs, after the Decision Review Board affirmed the ALJ's decision. **[doc. # 23]**. The defendant objects to plaintiff's motion for leave to supplement the record. **[doc. # 24]**.

For the following reasons, plaintiff's motion for leave to supplement the record **[doc. # 23]** is **DENIED.** The remaining motions [docs ## 22, 27] are under advisement.

1

Plaintiff asks the Court to permit him to supplement the record with evidence that was not before the ALJ. [doc. # 23]. Specifically, plaintiff would have the Court consider a Rating Decision, dated October 14, 2010, issued by the Appeals Management Center of the Department of Veterans Affairs. The Rating Decision concluded that, effective June 20, 2007, plaintiff suffers from service connected post-traumatic stress disorder, with an evaluation of 30% disabled, and granted plaintiff total benefits under Title 38 of the Code of Federal Regulations. Contrary to plaintiff's assertion, because "the district court acts as an appellate court and not a trier of fact in social security cases, it may not consider evidence outside of the administrative record in reviewing a claim for benefits." Bethea v. Astrue, 2011 WL 977062, at *9 -10  (D. Conn. March 17, 2011). See 42 U.S.C. § 405(g) ("The court shall have power to enter, upon *the pleadings and transcript of the record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.") (emphasis added). Therefore, plaintiff is not permitted to supplement the record with the Rating Decision.

While plaintiff did not specifically make this request, the court can properly remand the case to the Social Security Administration under sentence six of 42 U.S.C. § 405(g) "*sua*

*sponte*, based on its finding that the post decision material is both new and material."[1] Schmidt v. Comm'r of Social Sec., 2009 WL 3125474, at *3 (E.D. Mich. Sept. 25, 2009) (citing Street v. Comm'r of Social Sec., 390 F. Supp. 2d 630, 640 (E.D. Mich. 2005)).

The Second Circuit applies a three-part test to determine whether a remand for new evidence should be ordered:

> [The party seeking the remand] must show that the proffered evidence is (1) "'new' and not merely cumulative of what is already in the record," Szubak v. Secretary of Health & Human Servs., 745 F.2d 831, 833 (3d Cir.1984), and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative, see Cutler v. Weinberger, 516 F.2d 1282, 1285 (2d Cir. 1975). The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently. See Szubak, 745 F.2d at 833; Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir.1981). Finally, claimant must show (3) good cause for her failure to present the evidence earlier. See Tolany v. Heckler, 756 F.2d 268, 272 (2d Cir. 1985) (good cause shown where new diagnosis was based on recent neurological evaluation and assessment of response to medication required observation period).

Jones v. Sullivan, 949 F.2d 57, 60 (2d Cir. 1991). See also Roman v. Apfel, 24 F. Supp. 2d 263 (D. Conn. 1998) (Nevas, J.).

The first and third prongs are satisfied. This report is new as it was neither available at the time of the hearing before

---

[1] "A remand pursuant to sentence six of section 405(g) is warranted if new, non-cumulative evidence proffered to the district court should be considered at the agency level." Whipple v. Astrue, 2011 WL 1299352 (N.D.N.Y. March 8, 2011) (citing Lisa v. Sec'y of Dep't of Health and Human Servs., 940 F.2d 40, 43 (2d Cir. 1991)).

Judge Thomas on February 17, 2010 nor at any time before the ALJ's decision dated May 25, 2010, through no fault of the plaintiff.

However, the second prong is not satisfied. The report is not material or relevant to the plaintiff's condition during the time period for which benefits were denied.  It is undisputed that to qualify for disability, plaintiff was required to prove he was disabled between October 1, 2003, the alleged onset date, and December 31, 2004, the date last insured. The report evaluated evidence from 2008 forward and concluded plaintiff suffered a 30 percent disability as of June 20, 2007. As such, the report does not express any view as to the plaintiff's PTSD for the relevant time period.

 Accordingly, remand under sentence six is not appropriate. The report, while new and absent for good cause, is not material to the time period for which benefits were denied and therefore would most likely not change the ALJ's analysis.

CONCLUSION

The plaintiff's motion for leave to supplement the record [doc. # 23] is **DENIED**. This is not a recommended ruling.  This ruling is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rules 72.1, 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an

order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 17th day of June 2011.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE